LENA FORREST, Appellee, v. C. A. ABBOTT, Appellant.

No. 42765.

Mᴀʀᴄʜ 5, 1935.

Thomas J. Bray, for appellant.

David, Jones & David and Miller & Shandorf, for appellee.

Aɴᴅᴇʀsᴏɴ, C. J.—This action was commenced to recover damages for alleged malpractice of a physician and surgeon. The defendant is a physician and surgeon of considerable experience. He specializes in the diagnosis of diseases and in the treatment of cancer and maintains a hospital in Oskaloosa, Iowa. In August, 1932, the plaintiff, Lena Forrest, who then resided, and still resides, at Mitchell, South Dakota, came to the defendant's hospital and consulted him in reference to a cancer in her left breast. It appears that she had been taking treatment from physicians other than the defendant for a period of approximately one year. She had a large lump in her left breast, and the growth had apparently extended to the axillary space under her arm. The defendant treated her for a period of time commencing on August 4, 1932, for the purpose of attempting to kill the reaction of the cancer. And on August 29th a radical operation was performed by the defendant, and the breast, muscles, nerves, tissues, and lymphatics in the cancer area were all removed. The plaintiff apparently made a recovery from this operation, and about a month later returned to her home in Mitchell, South Dakota. Soon thereafter she consulted a physician

and surgeon in her home town on account of some pain existing in the region of the operation, and, after opening or probing some so-called stitch abscesses extending over a period of several weeks, the doctor so consulted, being a Dr. John H. Lloyd practicing in Mitchell, South Dakota, opened the wound made by the former operation and testifies that he removed therefrom a piece of packing gauze or sponge that had been left under the skin of the left breast at the time of the first operation, and that the presence of such gauze was the cause of the distress and pain of the plaintiff and the infection or abscessing that he found present in the body of the plaintiff. After this gauze or sponge was removed, the plain-tiff recovered, and at the time of the trial of this case was a well woman in so far as any cancerous growth was concerned, and except for the scars and restricted use of the left arm incident to the operation performed by the defendant Dr. Abbott in removing the cancerous growth. It appears that the operation performed by the defendant Dr. Abbott was a successful one and performed in a skillful manner, and the only complaint lodged against him by the plaintiff is that he was negligent in leaving the gauze or sponge under the skin of the plaintiff and sewing up the wound.

Dr. Lloyd testifies that he removed a piece of packing or sponge composed of surgical gauze about four by six inches in size and five or six thicknesses of gauze; while Dr. Abbott testifies that he did not leave any packing of gauze or sponge in the wound; that he did not use gauze or packing of the size claimed to have been removed from the wound by Dr. Lloyd; that he used gauze or sponge that was four by four inches and sixteen thicknesses of gauze; that the gauze or sponges used by him in the operation were counted twice before they were used in the operation, and, after the operation, the used and unused sponges were again counted by two of his assistants, and that no gauze or sponges were missing, and that he did not understand how a sponge such as was claimed to have been removed from plaintiff's body by Dr. Lloyd could have been left in the wound at the time of the first operation. When Dr. Lloyd opened the wound and removed the sponge, as he claims, he wrote to Dr. Abbott advising him of the fact, and Dr. Abbott answered such letter by saying that he was surprised by the report of Dr. Lloyd, and further stating: "I did not think it possible for such a thing to happen to me, for all my surgical life I have made a specialty of guarding against it." The testimony of each of the

doctors was corroborated by attendants who assisted in each of the operations. Dr. Abbott explains the writing of the letter referred to by saying that he thought at first that the gauze claimed to have been removed by Dr. Lloyd was from the axillary region and that a piece of sponge or gauze might have become detached and lodged therein, but that it was not possible that a gauze was left in the breast of the plaintiff. The plaintiff claims damages by reason of the negligence of the defendant Dr. Abbott in leaving the sponge or gauze in the wound in the sum of approximately $20,000.

After a motion for a directed verdict made by the defendant was overruled by the court, the issues were submitted to a jury, which returned a verdict in favor of the plaintiff for $1,000. A motion for a new trial and exceptions to instructions were overruled, and a judgment was entered on the verdict. The defendant appeals.

After a careful reading of the record in the case, we are constrained to hold that the record presented a jury question and that there was no error in overruling defendant's motion for a directed verdict. This disposes of the first assignment of error relied upon by the appellant.

The appellant complains of many of the court's instructions and complains of the instructions as a whole for the reason that they are inconsistent, misleading, and in many instances do not clearly state the law in cases of this kind. We have read the instructions very carefully and reach the conclusion that in many of the appellant's complaints there is no merit. We will briefly notice some of the instructions and complaints lodged against them.

Instruction No. 4, of which appellant complains, stated to the jury that before the plaintiff could recover from the defendant in any sum she must have satisfied the jury by a preponderance of the evidence of all four of the following propositions:

1. That in performing the operation the defendant placed and sewed in her body a sponge, wipe, or gauze, and that he did not use ordinary care and skill at the time in question.

2. That his failure to exercise such reasonable and ordinary care and skill resulted in injury to the plaintiff.

3. That plaintiff was free from contributory negligence.

4. That the plaintiff has been damaged in some amount as the proximate result of the negligence of the defendant.

The appellant claims by this instruction the jury was authorized to find for the plaintiff upon proof of mere negligence or unskillfulness and upon the theory that it was merely possible that the injuries complained of by plaintiff resulted from defendant's negligence, and that it authorized the jury to go into the realms of speculation and conjecture, and also that the instruction conflicts with instruction No. 11. In instruction No. 11 the court told the jury:

"The mere fact, if you find it to be a fact, that a sponge, gauze or wipe was left in the body of the plaintiff when the wound caused by the operation was sewed up, would not in itself be sufficient to justify you in bringing in a verdict against the defendant. The plaintiff must prove by a preponderance of the evidence that the defendant was negligent in leaving said sponge, gauze or wipe in the body of the plaintiff and sewing up the wound caused by the operation, with the said sponge, gauze or wipe left therein, and that such negligence, if any, was the proximate cause of plaintiff's injury, if any, and that plaintiff was free from negligence contributing in any manner to such injury. There must be a causal connection between the alleged negligence, if established, and the injury."

There is an inconsistency in the two instructions. We are of the opinion that instruction No. 11 is a clear statement of the law applicable to the situation. However, division 1 of instruction No. 4 is subject to criticism. The last clause in this division, "That he did not use ordinary care and skill *at the time in question*", would have a tendency, in our judgment, to permit the jury to enter the field of speculation as to what was really meant by the use of the language quoted and italicized. This clause should have been in the following language: "That he did not use ordinary care and skill, as such ordinary care and skill is hereinafter defined, in so doing", or similar language. Under the instruction as given, the jury might infer that the defendant did not use ordinary care and skill in performing the operation or in some phase of the operation other than leaving the sponge or gauze in her body and sewing the same therein. In other words, the instruction as given does not limit the failure to use ordinary care and skill to the single fact of leaving the sponge in the body. The second division of instruction No. 4 is also subject to the same criticism. This division

states to the jury that plaintiff must prove by a preponderance of the evidence that the "failure to exercise such reasonable and ordinary care and skill resulted in injury to the plaintiff". We are of the opinion that this division of the instruction should have been, "that his failure to exercise such reasonable and ordinary care and skill resulted in leaving and sewing up in her body a sponge, wipe or gauze which resulted in injury to the plaintiff," or language of similar import, to the end that the jury would not be confused and would be confined solely to a consideration of the defendant's alleged negligent act in leaving and sewing up in the body of the plaintiff the sponge, wipe, or gauze. In other words, the jury should have been restricted and confined to the single question as to the failure of the defendant to exercise reasonable and ordinary care and skill as to the one act of which complaint is made.

Complaint is also made against instruction No. 7, which is as follows:

"The negligence of the defendant, if any, in this case, in leaving the sponge, wipe or gauze in the body of the plaintiff and sewing the same up therein, if he did leave the same in her body, and sew the same up therein, consisted in his failure, if any, to exercise that degree of care, skill and knowledge ordinarily possessed and exercised by the average physicians and surgeons in this community, or similar communities."

The complaint lodged against this instruction is that it is misleading and confusing and in conflict with instruction No. 11, heretofore set out, and assumes that the defendant left the gauze or sponge in the plaintiff's body, and that his act in doing so consisted in his failure to exercise that degree of care, skill and knowledge ordinarily possessed and exercised by physicians and surgeons in this community or similar communities. The further complaint is made that the court did not define the degree of care, skill, and knowledge referred to, and that the jury was left to speculate upon the meaning of the phrase "ordinary care, skill and knowledge". We can see no merit in the complaints of appellant as against this instruction.

Complaint is also lodged against instruction No. 8, which defines "proximate cause", and claims that it does not announce the correct rule of law applicable in malpractice cases, and permits

the jury to speculate and conjecture. We find no merit in appellant's contentions as to this instruction.

Complaint is also lodged against instruction No. 12; the instruction is as follows:

"It is claimed by the plaintiff that there are certain disfigure-ments upon her body by the way of scars which will be permanent and that those disfigurements will result throughout the balance of her life in mental pain. In this regard you are instructed that in estimating mental pain, if any, that may be endured by the plaintiff as the proximate result of the scars, it is proper for you to consider her disfigurements, if any, caused by said scars, because disfigurment, if any, is a proper element in estimating mental pain. But you are further instructed that in estimating mental pain because of scars, if any, on the plaintiff's body, you can only allow her if at all for such scars, if any, as proximately resulted from the negligence, if any, of the defendant, in leaving in her body and sewing up therein said gauze, wipe or sponge. You cannot allow her any amount for damages by way of disfigurements for any scars which resulted from the operation performed by the defendant upon her on August 29th, 1932, as such scars were the natural result of the operation performed."

The appellant claims this instruction is misleading and confusing, assuming the existence of scars, and permitted the jury to return a verdict for the plaintiff for scars which resulted from the negligence of the defendant. We are of the opinion that this instruction is subject to criticism. The plaintiff could only recover for such scars or disfigurements as necessarily resulted from the operation performed by Dr. Lloyd to remove the gauze or sponge and if such operation did not result in additional scars or disfigure-ments, then there can be no recovery for such item, and this could have been, and should have been, plainly stated to the jury and thus avoid the confusion that might arise in the minds of the jury.

Complaint is also lodged against instruction No. 14. In this instruction the court defines the various elements of damage that may be considered by the jury in arriving at its verdict, and in the first part of the instruction states:

"The measure of her damage will be such amount as will fairly and reasonably compensate her for the bodily and mental pain, if any, which she has suffered on account of the negligence,

if any, of the defendant, from the time of her said operation to the present time."

The court also tells the jury that, if the plaintiff suffers bodily and mental pain in the future as the result of the negligence of the defendant, she will be entitled to recover fair and reasonable compensation therefor. We are inclined to the opinion this instruction would tend to mislead and confuse the jury and that the jury would not differentiate the bodily and mental pain which necessarily resulted from the operation and the bodily and mental pain resulting from the alleged negligent act of the defendant in leaving the sponge or gauze in the body of the plaintiff, and that the jury would not be able to distinguish the future pain and suffering naturally resulting from the operation performed by the defendant and that pain and suffering, if any, which might result from the operation for the removal of the sponge or gauze claimed to have been left in her body by the defendant. It is a serious question, as we analyze the record, whether or not the second operation would increase the plaintiff's pain and anguish for an indefinite future time.

In this instruction the court also submitted an item of damage resulting to the plaintiff by reason of being compelled to employ servants to perform her household duties, and permitted the jury to return for this item a sum not in excess of $200. The record shows that the plaintiff would have been incapacitated for quite an extended period of time from performing her usual household duties by reason of the first operation performed by the defendant if no negligence or unskillfulness were shown, and the only amount that the plaintiff would be entitled to recover on this item would be for such additional help or additional incapacity as she employed or suffered by reason of the negligence of the defendant in leaving the sponge or gauze in her body. And this distinction is not carefully noted in the instruction. The instruction does not limit the recovery on this item to damages resulting from the negligence of the defendant and does not require the jury to find that the employment of servants resulted from the alleged negligence of the defendant, and it does not take into consideration the undisputed facts that the plaintiff would have been unable to perform her household duties by reason of the operation performed by Dr. Abbott, the defendant, even though no sponge had been left in her body.

672

■ In instruction No. 15 the court attempted to submit to the jury the counterclaim of the defendant which was pleaded by him in the sum of $154.78, and in this instruction the court told the jury that the burden was on the defendant to establish by a preponderance of the evidence the reasonable value of his treatment and services as a surgeon, hospital and nursing services rendered by him to the plaintiff, and instructed the jury that they should allow the reasonable value of such treatment and services, but in no event in excess of $154.78. But the court left it for the jury to determine whether any allowance at all should be made to the defendant on his counterclaim. We think there was error in this instruction. There is no evidence in the record that the services and treatment rendered the plaintiff was of no value, and there is no evidence in the record controverting the evidence of the defendant that the services rendered to the plaintiff were of the value claimed by the defendant in his counterclaim. The jury should have been instructed that the defendant was entitled to the sum of $154.78, and that, if they found the plaintiff entitled to recover a greater amount on her cause of action than the amount of the counterclaim, such amount should be deducted from the amount the jury might find the plaintiff entitled to recover. On account of the errors noted in the instructions, we are constrained to hold that the defendant's rights were prejudiced and that a fair trial did not result. A reversal necessarily follows.—Reversed.

ALBERT, DONEGAN, KINTZINGER, POWERS, PARSONS, and RICHARDS, JJ., concur.